

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 17, 1971

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M-812

Re: Authority of Harris County to
make certain expenditures in
providing facilities for dis-
tribution of food stamps.

Your request for an opinion asks the following questions:

"1. Can Harris County enter into a lease contract,
and expend county funds, for the purpose of providing facili-
ties to house a distribution point for food stamps?

"2. If the answer to the first question is in the af-
firmative, can Harris County contract with utility companies,
and expend county funds, for the furnishing of public utilities
for such facilities?

"3. If the answer to the first question is in the af-
firmative, can Harris County contract, and expend county
funds, for the purpose of remodeling such facilities?"

In Attorney General's Opinion M-382 (1969) it was held that the
actual administration and operation of the Federal Food Stamp Program
is the exclusive responsibility of the State Department of Public Welfare
because of the specific provisions of the Food Stamp Act of 1964. That
Opinion specifically recognized, however, that the contract between
Harris County and the State Department of Public Welfare therein con-
sidered complied with the Food Stamp Act of 1964 and the regulations
published in the Federal Register. Furthermore, that Opinion specifically
pointed out:

"Article 695c, Section 7 is ample authority for
the State Department of Public Welfare to act. In addi-
tion to the last sentence of Section 7, above, Article 695c,

-3942-

Section 39, appears specifically to provide for
county funding of programs to be operated in the
county by the State. "

It is our opinion that the contract involved in your present request
is authorized by the provisions of Sections 4, 7, 7a and 39 of Article 695c,
Vernon's Civil Statutes.

In this connection, it is noted that Section 39 provides:

"No provision of this Act is intended to re-
lease the counties and municipalities in this State
from the specific responsibility which is currently
borne by those counties and municipalities in sup-
port of public welfare, child welfare, and relief
services.  Such funds which may hereafter be ap-
propriated by the counties and municipalities for those
services may be administered through the county or
district offices of the State Department, and if so ad-
ministered, shall be devoted exclusively to the services
in the county or municipality making such appropriation. "

In view of the foregoing we answer your questions in the affirmative,
and you are advised:

1.  Harris County has the legal authority to enter into a lease con-
tract and expend county funds for the purpose of providing facilities to
house a distribution point for food stamps.

2.  Harris County has the authority to contract with utility companies
and expend county funds for furnishing public utilities for such facilities.

3.  Harris County is authorized to contract for and to expend county
funds for the purpose of remodeling such facilities.

## SUMMARY

Sections 4, 7, 7a and 39 of Article 695c, Vernon's
Civil Statutes, authorizes the State Department of Public
Welfare to contract with counties for the purpose of carry-

ing out the Food Stamp Program authorized and required to be administered by the State Department of Public Welfare, and the counties are authorized to expend county funds for the purpose of providing such facilities.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By: NOLA WHITE
First Assistant

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
J. C. Davis
Gordon Cass
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant